JANET M. HEROLD
Regional Solicitor
CHERYL L. ADAMS (CSBN 208244)
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Seth D. Harris,
Acting Secretary, U.S. Department of Labor

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>        Plaintiff,<br>    v.<br><br>BREGY VANCLEVE, an individual;<br>and DISABLED EMPLOYEES<br>REHABILITATION, INC., a<br>corporation.<br><br>        Defendants. | Case No.: 13-cv-03928-YGR<br><br>~~(PROPOSED)~~<br>**CONSENT JUDGMENT & ORDER** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States

Department of Labor ("Plaintiff" or the "Secretary"), and Defendants BREGY

- 1 -

VANCLEVE, an individual, and DISABLED EMPLOYEES REHABILITATION, INC., a corporation (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

A.  The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206 and 215(a)(2).

B.  Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.  Defendants acknowledge their right to retain counsel in this matter.

D.  Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

E.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

F.  Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the Northern District of California.

G.  Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

H.  Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

I.  Defendants admit that they violated Sections 6 and 15(a)(2) of the FLSA, by paying at least seven of their employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in

- 2 -

commerce or in the production of goods for commerce, within the meaning of the Act

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants BREGY VANCLEVE and DISABLED EMPLOYEES REHABILITATION, INC., their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.      Defendants shall not, contrary to Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2) of the Act, employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2.      Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206);

3.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said

employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act.

4.     IT IS FURTHER ORDERED that Defendants shall not withhold payment of $43,613.92 which represents the unpaid minimum wage compensation hereby found to be due, for the period from May 18, 2012 to June 24, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein. The Secretary acknowledges receipt of the $43,613.92 minimum wage compensation..

5.     Defendants shall further pay to the Secretary as liquidated damages the additional sum of $43,613.92, hereby found to be due, for the period from May 18, 2012 to June 24, 2013,  to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

6.     In addition, Defendants agree to pay $9,900.00 as civil money penalties to the Secretary for repeat and willful violations of Section 6 of the Act for the period from May 18, 2012 to June 24, 2013. Such penalties are authorized by Section 16(e)(2), 29 U.S.C. § 216(e)(2) of the FLSA.

7.     The provisions of subparagraphs 4, 5 and 6 herein will be deemed satisfied when Defendants comply with the following provisions:

a.      Within thirty calendar days of the entry of this Consent Judgment, Defendants shall deliver a schedule to Director Susana Blanco, Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103 containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

b.      Defendants will make payment of the unpaid liquidated damages to the Secretary with an initial payment of $ 4,003.92 and eleven equal monthly payments of $3,600.00 each, commencing thirty days after the entry of this Consent Judgment, with subsequent payments due on the same day of each month thereafter until paid in full. Defendants shall make payments by delivering to Director Susana Blanco, a cashier's check or money order in the required amount, with the firm name of "Disabled Employees Rehabilitation, Inc.," and "Back Wages and Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor."

c.      Defendants shall pay the civil money penalty described in paragraph 6 in twelve equal installments of $825.00 commencing thirty days after the entry of this Consent Judgment, with subsequent payments due on the same day of each month thereafter until paid in full. Defendants shall make payment by delivering to Director Susana Blanco, a cashier's check or money order in the required amount with the firm name of "Disabled Employees Rehabilitation, Inc.," and "civil money penalties" written on it, payable to the order of the "Wage & Hour Div., Labor."

d.      Should Defendants fail to completely make any of the payments set forth above on or before the dates due, Defendants shall be in default. Upon

- 5 -

default, the Secretary shall have the option of accelerating payment of the unpaid balance by mailing a certified letter to Respondents' last known address. If such option is exercised, the entire remaining balance shall become immediately due and payable. Furthermore, Defendants will be subject to administrative charges to cover debt collection of the unpaid balance and will accrue interest on the remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

8.     The Secretary shall allocate and distribute the back wages and liquidated damages, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies.

9.     Within ten calendar days of the entry of the Consent Decree, Defendants shall post a copy of the attached Exhibit B at Defendants' establishment for no less than one-hundred eighty (180) days. Exhibit B summarizes terms of the Consent Decree and the employees' rights under the FLSA.

10.     The filing, pursuit, and/or resolution of this proceeding with the filing of the Consent Decree shall not act as or be asserted as a bar to any action under

- 6 -

Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

11.     Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

12.     This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree for one year.

Dated this 11th day of September, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

- 7 -

## EXHIBIT A

| Name | Back Wages | Liquidated Damages |
|---|---|---|
| Hilton R. Chang | $9,591.75 | $9,591.75 |
| Chiu Man Cheung | $1,796.53 | $1,796.53 |
| Dan Giang | $5,948.63 | $5,948.63 |
| Deyi Li | $7,235.00 | $7,235.00 |
| Yu Yan Lowe | $3,890.12 | $3,890.12 |
| Kit-Hung Lau Pang | $1,265.82 | $1,265.82 |
| Yu-Mei Zhou | $81.58 | $81.58 |
| Kwok Wai-Kuen | $12,180.00 | $12,180.00 |
| Jason G. Liu | $1,624.00 | $1,624.00 |

PROPOSED CONSENT JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

<u>Exhibit B</u>

LEGAL NOTICE TO ALL EMPLOYEES

The Department of Labor conducted an investigation of BREGY VANCLEVE and DISABLED EMPLOYEES REHABILITATION, INC., and determined that employees were owed back wages and liquidated damages for their employment during the period of May 18, 2012 to June 24, 2013. BREGY VANCLEVE and DISABLED EMPLOYEES REHABILITATION, INC., have agreed voluntarily to pay the penalties, back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The Fair Labor Standards Act provides that all employees must be paid minimum wage for all hours worked. In addition, all employees must be paid the overtime rate of time and one half their regular rate for hours worked over 40 in a workweek. All hourly employees are entitled to overtime when they work over 40 hours.

If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.

~~PROPOSED~~ CONSENT JUDGMENT